UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM LESLIE BATTLE | ) | |
| | ) | |
| v. | ) | No. 3:13-01197 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court is a Motion To Vacate, Set Aside, Or Correct Sentence Under 28 U.S.C. § 2255 (Docket No. 1), filed by the Movant/Petitioner, pro se. In response, the Government filed a Motion To Dismiss (Docket No. 11), to which the Petitioner has filed responses (Docket Nos. 17, 31).

For the reasons set forth herein, the Court GRANTS the Government's Motion To Dismiss (Docket No. 11) and DENIES Petitioner's Motion To Vacate (Docket No. 1). Accordingly, this action is DISMISSED.

In light of this Memorandum and accompanying Order, Petitioner's Motion For Status (Docket No. 33) is MOOT.

II. Procedural and Factual Background

Petitioner pled guilty, without a plea agreement, to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Docket Nos. 5, 43, 44 in Case No. 3:11-00113). At the subsequent sentencing hearing, the Court determined that the Petitioner's sentencing range was 110 to 115 months, based on Criminal History Category VI and an Offense Level of 25, and the statutory maximum sentence of 10 years (Docket Nos. 49, 50, 59 in Case

No. 3:11-00113).  The Court sentenced the Petitioner to 115 months, with the sentence to commence on the date of the sentencing hearing. (Id.)

The Petitioner appealed that determination, but later filed a motion to voluntarily dismiss the appeal, which the Sixth Circuit granted. (Docket Nos. 56, 60 in Case No. 3:11-00113).  The Petitioner subsequently filed a motion to reinstate the appeal, but the Sixth Circuit denied the request. (Docket Nos. 61, 63 in Case No. 3:11-00113).

### III.  Analysis

A.  The Petitioner's Claims

The Petitioner claims that he was wrongfully denied jail credit, and that he received the ineffective assistance of trial counsel.

B.  The Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1]  The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

plea or the jury's verdict.'" Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255(b); Ray v. United States, 721 F.3d 758, 761 (6th Cir. 2013); Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. Where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Ray, 721 F.3d at 761.

The Court has reviewed the pleadings, briefs, transcripts, and records filed in Petitioner's underlying criminal case, as well as the pleadings, briefs, transcripts, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Unlawful Denial of Jail Credit

The Petitioner argues that he was unlawfully denied credit on his federal sentence for the time he spent in pretrial detention in the underlying criminal case.

The charge in the criminal case, as well as a parallel state proceeding charging attempted first degree murder and felon in possession of a firearm, arose out of the Petitioner's shooting, on January 24, 2011, of an individual identified as G.J. (Presentence Investigation Report ("PSIR"), at ¶ 60 (Docket No. 57 in Case No. 3:11-00113); Transcript of Plea Hearing, at 14 (Docket No. 58 in Case No. 3:11-00113)). The Presentence Investigation Report indicates that the Petitioner

was arrested and detained by state authorities on January 24, 2011, and was transferred to federal custody on August 25, 2011. (PSIR, at p. 1 (Docket No. 57 in Case No. 3:11-00113)). At the sentencing hearing, trial counsel explained that the Petitioner was a state prisoner, and had been "borrowed" by the U.S. Marshals for the proceedings in the underlying criminal case. (Docket No. 59, at 18, in Case No. 3:11-00113).

Courts have held that a prisoner's challenge to the execution of his sentence, including the determination of credit for time served, must be filed under 28 U.S.C. § 2241 in the district court having jurisdiction over the prisoner's custodian. See, e.g., Sutton v. United States, 172 F.3d 873 (6th Cir. 1998); Doan v. Lamanna, 28 Fed.Appx. 297, 2001 WL 1299260 (6th Cir. Aug. 10, 2001); United States v. Ford, 16 Fed.Appx. 314, 2001 WL 861737 (6th Cir. June 20, 2001). The Petitioner's Motion has not been brought under Section 2241, nor does it indicate compliance with the procedural requirements of Section 2241, such as exhaustion of administrative remedies. Id. Thus, the Petitioner's claim regarding the unlawful denial of jail credit is not cognizable in this case.

D. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011); Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's

4

conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 104 S.Ct. at 2065.

In order to establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 2068.

Petitioner argues that trial counsel was ineffective for telling him that he had a plea agreement for 110 months when he did not have such an agreement. This claim is undermined by the record of the change of plea hearing. During that hearing, the Court specifically asked the Petitioner:

> Q. Now knowing everything we have talked about so far today, do you still want to plead guilty?
>
> A. I want to plead guilty.
>
> Q. Okay. According to your petition, paragraph 13, it says this plea is not a result of a plea agreement. So what I want to make sure is you understand that the government is not offering you anything in exchange for your plea of guilty. Do you understand that?
>
> A. I understand.
>
> Q. And at paragraph 12 says you want to plead guilty as charged in the indictment. Mr. Battle, has anybody put any pressure on you to make you plead guilty?
>
> A. No, ain't no pressure been put on me.
>
> Q. Has anybody forced you any way to make you plead guilty?

A. No.

(Docket No. 58, at 11, in Case No. 3:11-00113).

The Petitioner claims that his answers at the change of plea hearing were based on his belief that the Court was asking him if he had spoken to the prosecutor directly.[2] Given the wording of the questions, the Court does not credit the Petitioner's explanation. Thus, the Petitioner has not shown prejudice resulting from any alleged statement by counsel regarding a plea agreement given the Court's subsequent explanation to the Petitioner that no such agreement existed. This claim is without merit.

Next, Petitioner argues that trial counsel should have contested a four-point enhancement applied to his total offense level at sentencing. The enhancement was applied pursuant to United States Sentencing Guideline Section 2K2.1(b)(6)(B) for the use or possession of a firearm or ammunition "in connection with another felony offense." The enhancement was applied based on the Petitioner's having shot G.J. with the firearm he admitted possessing.

Petitioner's claim that he believed trial counsel would challenge the enhancement at the sentencing hearing is belied by the record. Trial counsel stated at the outset of the sentencing hearing that the Petitioner did not contest that he shot someone with the firearm. (Docket No. 59, at 3, in Case No. 3:11-00113). That shooting was the basis for application of the enhancement. (Id., at 6). Although the Petitioner was given an opportunity to speak at the hearing, and in fact, did speak at the hearing, he did not object to trial counsel's statement. (Docket No. 59, at 12-13,

---

[2] The Petitioner repeatedly states that he has difficulty understanding due to a mental disorder. In that regard, the Court notes that, during pretrial proceedings, the Court ordered that the Petitioner undergo a mental evaluation at a Bureau of Prisons facility. (Docket No. 25 in Case No. 3:11-00113). That evaluation concluded that the Petitioner was competent to stand trial, and that he was feigning mental problems. (Docket Nos. 38, 59 in Case No. 3:11-00113).

6

in Case No. 3:11-00113).

Furthermore, the Petitioner has not shown that he was prejudiced by any failure of trial counsel to object. Petitioner has not pointed to any persuasive factual or legal argument trial counsel could have made against application of the enhancement. This claim is also without merit.

Petitioner also argues that trial counsel was ineffective for leading him to believe that he would receive credit for his pretrial incarceration in federal custody. As discussed above, at the time the Petitioner appeared for the proceedings in the underlying criminal case, he was a state prisoner "borrowed" by the U.S. Marshals. According to the Petitioner, he subsequently pled guilty in state court to a charge arising out of the same incident. Petitioner contends that he has not been given credit toward his federal sentence for the time he was incarcerated prior to the conclusion of the federal proceedings.[3]

The Supreme Court has made clear that determining credit for pretrial detention in such circumstances is the responsibility of the Bureau of Prisons ("BOP"):

> To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.
>
> Crediting jail time against federal sentences long has operated in this manner. After Congress enacted § 3568 in 1966, the BOP developed detailed procedures and guidelines for determining the credit available to prisoners. See Federal

---

[3] In his Motion, the Petitioner states that he does not seek to set aside his sentence, nor does he want a new trial: "I just wanted to get my sentence correct far as getting a new sentence effective date." (Docket No. 1, at p. 2). In a later filing (Docket No. 17), however, the Petitioner contends that he would have gone to trial if he had known that he would not receive the jail credit he seeks.

7

> Prison System Program Statement No. 5880.24 (Sept. 5, 1979) and Federal
> Bureau of Prisons Operations Memorandum No. EMS DM 154-89 (Oct. 23,
> 1989), Apps. B and C to Brief for United States (stating BOP's procedures for
> computing jail-time credit determinations); see also United States v. Lucas, 898
> F.2d 1554 (CA11 1990). Federal regulations have afforded prisoners
> administrative review of the computation of their credits, see 28 CFR §§ 542.10-
> 542.16 (1990); Lucas, supra, at 1556, and prisoners have been able to seek judicial
> review of these computations after exhausting their administrative remedies, see
> United States v. Bayless, 940 F.2d 300, 304, 305 (CA8 1991); United States v.
> Flanagan, 868 F.2d 1544, 1546 (CA11 1989); United States v. Martinez, 837 F.2d
> 861, 865-866 (CA9 1988).

United States v. Wilson, 503 U.S. 329, 335-36, 112 S. Ct. 1351, 1355, 117 L. Ed. 2d 593 (1992).

Given that the detailed and complex system for determining jail credit is in the jurisdiction of the BOP, neither this Court nor trial counsel could have ensured that the Petitioner would receive the jail credit he seeks.[4]

Assuming trial counsel did make such a representation about jail credit, however, the Petitioner has failed to show how he was prejudiced as a result. For example, Petitioner does not explain how the calculation of jail credit would have been more favorable to him had he elected to proceed to trial. Under these circumstances, the Court concludes that this claim is without merit.

IV.  Conclusion

For the reasons set forth herein, the Court concludes that the Government's Motion To Dismiss should be granted, and Petitioner's Motion To Vacate should be denied.  Accordingly, this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order,

---

[4] Trial counsel did request, and the Court agreed, that the judgment specify that the sentence commence on the date of the sentencing hearing.

8

such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

    It is so ORDERED.

                                              TODD J. CAMPBELL
                                              UNITED STATES DISTRICT JUDGE